IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER,  Plaintiff, | § § § | |
| v. | § § | No. 3:22-cv-01459-G (BT) |
| NFN JACKSON, et al.,  Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights case filed by Braylon Ray Coulter, a former prisoner at Johnson County Jail in Cleburne, Texas. On July 6, 2022, the Court issued a Consent Form (ECF No. 1) and Notice and Instructions to a *Pro Se* Party (ECF No. 2). Among other things, the Instructions advised Coulter, "You must notify the Court if your address changes, or your case may be dismissed." (*Id.* at 1.) In another case brought by Coulter, Case Number 3:22-cv-1384-X-BT, on July 22, the Court issued an order granting Coulter leave to proceed *in forma pauperis*. (Case Number 3:22-cv-1384-X-BT, ECF No. 10.) That Order required "the agency having custody" of Coulter to deduct 20% of each deposit made to his inmate trust account and to forward payments to the Court on a regular basis. (Case Number 3:22-cv-1384-X-BT, ECF No. 10 at 1.) In that case, on August 5, the Court received a Notice from the Johnson County Sheriff's Office, Inmate Trust Account at the Johnson County Jail, which states, "I/M Released 7/20/22." (Case

1

Number 3:22-cv-1384-X-BT, ECF No. 11 at 1.) Coulter has failed to provide the Court with a new address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); accord *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Coulter has failed to keep the Court apprised of his current address. Coulter filed this case on July 6, and that same day, the Court mailed Coulter Instructions, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2 at 1.) On August 5, the Court received a Notice from the Johnson County Sheriff's Office in Case Number 3:22-cv-1384-X-BT that Coulter has been released from the Johnson County Jail. Yet, Coulter

2

has failed to provide the Court with a current address. Without an address, the Court is unable to communicate with Coulter about his case.

By failing to provide the Court with a current address, Coulter has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Coulter's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).